Arthur SMITH

v.

J. LAURITZEN

v.

JARKA CORPORATION OF
PHILADELPHIA.

No. 28343.

United States District Court
E. D. Pennsylvania.

Feb. 1, 1962.

John Dorfman, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

John T. Biezup, Rawle & Henderson, Philadelphia, Pa., for defendant.

JOSEPH S. LORD, III, District Judge.

Plaintiff, a longshoreman, was injured when attacked by a fellow longshoreman while both were working aboard defendant's vessel. Suit was brought against defendant as the owner of the vessel, alleging defendant's negligence and unseaworthiness of the ship. Defendant having previously joined plaintiff's employer as third party defendant, now moves for summary judgment.

An examination of the pleadings and of plaintiff's deposition indicates that the sole cause of plaintiff's injuries were blows about his head administered with two cargo hooks in the hands of his fellow employe. The attack was without warning or provocation.

We think that Boudoin v. Lykes Brothers Steamship Co., Inc., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955), is here controlling on the issue of seaworthiness and requires that defendant's motion be denied. In Boudoin the Supreme Court upheld a finding by the District Court that an attack by a seaman was a breach of the warranty of seaworthiness where the attacker was a "person of dangerous propensities and proclivities", a "person of violent character, belligerent disposition, excessive drinking habits, disposed to fighting and making threats and assaults."

In Keen v. Overseas Tankship Corp., 194 F.2d 515, 518 (C.A.2, 1952), it was said:

"* * * We can see no reason for saying that, although the owner is liable if the ship's plates are started without his knowledge, he is not liable if he signs on a homicidal paranoiac, whose appearance does not betray his disposition. * * * Applied to a seaman, such a warranty [of seaworthiness] is, not that the seaman is competent to meet all contingencies; but that he is equal in

disposition and seamanship to the ordinary men in the calling. * * "

Plaintiff's deposition in this case gives some indication that his attacker had been receiving mental treatment. We cannot say as a matter of law that plaintiff's attacker was "equal in disposition and seamanship to the ordinary men in the calling."

Defendant recognizes the Boudoin case but argues that a longshoreman, although a seaman for the purpose of being entitled to the warranty of seaworthiness, Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), is not a member of the crew for the purpose of finding that his incompetence might render the ship unseaworthy. We fail to see the distinction. The rationale for Sieracki is that a longshoreman is doing work traditionally done by a seaman. A seaman's incompetence constitutes unseaworthiness, Boudoin, supra; the incompetence of a substitute for a seaman would no less constitute unseaworthiness.

Our conclusion also follows from those cases which hold that unseaworthiness of a vessel or its equipment may arise from acts of the injured longshoreman himself: Grillea v. United States, 232 F.2d 919 (C.A.2, 1956); Knox v. United States Lines Company, 294 F.2d 354 (C.A.3, 1961); Holley v. The Manfred Stansfield, 186 F.Supp. 212 (E.D. Va., 1960); or may arise from the defective equipment brought aboard the ship by longshoremen and under their exclusive control, Alaska Steamship Co. v. Petterson, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798 (1954). Since the act of the injured longshoreman himself may create a condition of unseaworthiness, so may the act of another longshoreman. Similarly, since a vessel can become unseaworthy when the stevedoring company puts aboard defective equipment for use in the ship's work (loading or unloading), it can become equally unseaworthy when the stevedore puts aboard defective longshoremen for the same work.

Insofar as the issue of negligence is concerned, defendant contends that if plaintiff had no prior knowledge that he would be attacked, the vessel's officers could not have known what might occur and are therefore not chargeable with negligence. Suffice it to say that since the case must be tried on the issue of seaworthiness there is no prejudice to defendant in denying his motion as to this issue. The factual proof will be similar on both issues and if plaintiff at trial fails to show sufficient facts to entitle him to go to the jury, defendant may make appropriate motions to the trial judge at that time.

### ORDER

AND NOW, February 1, 1962, IT IS HEREBY ORDERED that defendant's motion for summary judgment is denied.